UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:24-cr-00199-RDM-1 |
| JOSHUA LEE ATWOOD, | ) |
| *Defendant.* | ) |

**DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING
OR HOLD SENTENCE AND J&C IN ABEYANCE**

Joshua Lee Atwood, by and through undersigned counsel, respectfully requests for this Honorable Court to continue the sentencing hearing, or, alternatively, to hold the sentence and the Judgment and Commitment Order ("J&C") in this matter in abeyance until at least February of 2025. In support of this Motion, counsel submits as follows:

1. On September 5, 2024, this Court held a Change of Plea Hearing, during which this Court scheduled Mr. Atwood's Sentencing Hearing for December 20, 2024.

2. On November 22, 2024, Mr. Atwood filed a motion in which we discussed developments that have arisen since Mr. Atwood's Change of Plea Hearing that would warrant a continuation of his sentencing hearing. *See* ECF No. 24. For instance, we explained how Donald J. Trump—who had represented on multiple occasions his intention to grant clemency to and/or pardon individuals—was declared the winner of the 2024 presidential election. *See id.* (citations omitted).[1]

3. On November 22, 2024, this Court denied Mr. Atwood's motion. *See* Minute Order (Nov. 22, 2024).

---

[1] We incorporate ECF No. 24 by reference.

4.       Since this Court's denial of Mr. Atwood's motion, other developments have arisen that support a continuation of Mr. Atwood's sentencing hearing.

Since being declared the winner of this year's election, President-Elect Trump has vocalized his intention to pardon those prosecuted in relation to January 6 on "day one," Peter Nicholas, "Trump details sweeping changes he'll carry out on day one and beyond in an exclusive interview, NBC NEWS (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/trump-details-sweeping-changes-ll-carry-day-one-exclusive-interview-rcna182858, even where an individual has already pleaded guilty, *see* Ryan J. Reilly, "Trump will 'most likely' pardon Capitol rioters on day one and says Jan. 6 committee members should be jailed," NBC NEWS (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/trump-will-likely-pardon-capitol-rioters-day-1-says-jan-6-committee-me-rcna183275.

President Joe Biden's pardoning of his son, Hunter Biden, has also provided additional support, as it highlights the significance of receiving a pardon prior to a sentence being rendered and illustrates the need to achieve equitable results. *See* Press Release, "Statement from President Joe Biden" (Dec. 1, 2024), https://www.whitehouse.gov/briefing-room/statements-releases/2024/12/01/statement-from-president-joe-biden-11/ [hereafter "Statement from President Joe Biden"]; Geoff Bennett, et al., "The precedent Biden's pardon of his son could set for future presidents," PBS NEWS (Dec. 2, 2024), https://www.pbs.org/newshour/show/the-precedent-bidens-pardon-of-his-son-could-set-for-future-presidents (explaining how Hunter Biden was days away from being sentenced); *see also* Michael D. Shear & Zolan Kanno-Young, "Biden Issues a 'Full and Unconditional Pardon' of His Son Hunter Biden," NY TIMES, https://www.nytimes.com/2024/12/01/us/politics/biden-pardon-son-hunter.html. As to the former, a pardon that takes place prior to a sentence being rendered is strategic/beneficial, as it prevents

any conviction from being rendered. As the Court is aware, a pardon following the imposition of a sentence does not undo the conviction. In other words, a pardon that occurs after a person is convicted does not expunge, erase, or otherwise unwind the conviction. *See, e.g.*, "Frequently Asked Questions," Dep't of Justice Office of the Pardon Attorney, https://www.justice.gov/pardon/frequently-asked-questions ("Please also be aware that if you were to be granted a presidential pardon, the pardoned offense would not be removed from your criminal record. Instead, both the federal conviction as well as the pardon would both appear on your record. However, a pardon will facilitate removal of legal disabilities imposed because of the conviction, and should lessen to some extent the stigma arising from the conviction. In addition, a pardon may be helpful in obtaining licenses, bonding, or employment. If you are seeking expungement of a federal offense, please contact the court of conviction."); *see also Doe v. Webster*, 606 F.2d 1226, 1230 n.8 ("The power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights.").

As to the latter, equity suggests that a pardon prior to a sentence/conviction is appropriate here. While we do not aim to take a position on the appropriateness of President Biden pardoning his son, we do aim to illustrate that it would it be unequitable to allow the son of the sitting president to receive the benefit of a nonconviction but Mr. Atwood would not simply because of when his sentencing hearing is set. Though many January 6 defendants have been sentenced/convicted, many others have sentencings set after the inauguration. Mere timing should not be the be-all, end-all.

Moreover, defense counsel has been ill with a serious respiratory infection since about the beginning of October. On December 8, 2024, defense counsel was advised by her healthcare provider to go to the hospital for increased treatment. Defense counsel has seen numerous doctors

over the course of this past week to address her ongoing illness. Accordingly, on December 13, 2024, we filed an unopposed motion seeking to extend the deadline by which Mr. Atwood must file his Memorandum in Aid of Sentencing. *See* ECF No. 27.

To allow for defense counsel to have adequate time to research the relevant law pertaining to pardons, clemency, and federal expungement and to advise Mr. Atwood as to these areas of law so he can be fully informed prior to the sentencing hearing and in light of the equities, we would ask to continue the sentencing hearing to a date after the inauguration of President-Elect Trump, preferably no earlier than February 1, 2025.[2] Alternatively, we would ask that this Court hold the sentence and the J&C in this matter in abeyance until after the inauguration of President-Elect Trump, preferably no earlier than February 1, 2025,[3] to afford sufficient time for President-Elect Trump to pardon Mr. Atwood (if he does in fact decide to do so) while allowing the sentencing hearing to move forward as scheduled.[4]

6. At least one Court is considering a similar request. *See United States v. Winegeart*, No. 22-cr-301-CJN (D.D.C.) (considering whether to stay the J&C, per defense's request). Though, defense counsel likely errored in not requesting that the Court hold the sentence itself in abeyance. Further, in another January 6 case, Judge Trevor McFadden recently denied a request to continue a trial, reasoning that the defendant would not yet be sentenced at the time President-Elect Trump took office and could be afforded the same type of relief in a post-trial but pre-sentencing posture.[5] However, Judge McFadden further represented that he would consider

---

[2] We would ask the Court to allow us to revisit the exact timeline of the request if circumstances so warrant, such as if a formal date is provided by the incoming presidential administration.

[3] Again, we would ask the Court to allow us to revisit the exact timeline of the request if circumstances so warrant.

[4] Of note, it is our understanding that Mr. Atwood's name is on a list of names being submitted for consideration for a pardon by President-Elect Trump. We are currently working to obtain verification to present to the Court, should the Court find such verification helpful.

[5] This information was obtained via the defense attorney in the case. We will provide the case name in a supplement once we are able to locate the case.

delaying the rendering of a verdict until after President-Elect Trump's inauguration to prevent harm that can occur from the mere adjudication of guilt on the docket.

7. The government opposes this request. The government did not provide a justification for its position.

In light of the above, Joshua Atwood, by and through undersigned counsel, requests the above-mentioned relief.

Respectfully submitted,

  /s/  Amy C. Collins
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Joshua Lee Atwood*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of December 2024, I have served this Motion upon all parties in this matter through the CM/ECF system.

  /s/  Amy C. Collins
Amy C. Collins
